William B. WEINBERGER, et al., Plaintiffs,

v.

James C. KENDRICK, et al., Defendants.

No. 75 Civ. 4870 (KTD).

United States District Court,
S. D. New York.

Aug. 13, 1981.

Wolf, Popper, Ross, Wolf & Jones, Wolf, Haldenstein, Adler, Freeman & Herz, New York City (Lester L. Levy, Daniel W. Krasner, New York City, of counsel), for plaintiffs.

Davis, Polk & Wardwell, New York City (Philip C. Potter, Jr., Ogden N. Lewis, Laureen F. Bedell, New York City, of counsel), for defendant Morgan Guaranty Trust Co. of New York.

Shearman & Sterling, New York City, for defendant Citibank, N.A.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant the Chase Manhattan Bank, N.A.

Hertzog, Calamari & Gleason, New York City, of counsel to Cravath, Swaine & Moore, New York City, for defendants

Chemical Bank, Irving Trust Co., Marine Midland Bank and Bankers Trust Co.

Simpson, Thacher & Bartlett, New York City, for defendant Manufacturers Hanover Trust Co.

Emmet Marvin & Martin, New York City, for defendant the Bank of New York.

OPINION

KEVIN THOMAS DUFFY, District Judge:

On October 2, 1975, the W. T. Grant Company ["Grant"] filed a petition for bankruptcy under Chapter XI of the Bankruptcy Act. The next day certain purchasers of Grant securities instituted this class action claiming, inter alia, that defendant banks, [the "Banks"] and Morgan Guaranty, its corporate parent, J. P. Morgan & Co., Inc., and its former Vice-Chairman DeWitt Peterkin violated Section 10 of the Securities and Exchange Act of 1934 and Rule 10b–5 thereunder.

In essence, plaintiffs claimed that the Banks participated in a scheme to conceal from purchasers of Grant securities the allegedly far worse financial condition of Grant than was revealed to the investing public. Plaintiffs also asserted that Morgan Guaranty's Trust and Investment Division sold substantial holdings of Grant common stock on material inside information supplied by Mr. Peterkin.

The parties to this case have now reached a settlement [the "Settlement"] with respect to these claims and hereby submit it to this court for approval in accordance with Fed.R.Civ.P. 23. The proposed Settlement, in short, settles the fraud claims of purchasers and holders [1] of Grant securities against the Banks for alleged violations of the Exchange Act and Rule 10b–5 thereunder, as well as alleged violations of state statutory law and common law fraud.[2] The Settlement also settles class members' insider trading claims against Morgan Guaranty, its corporate parent, J. P. Morgan & Co., Inc., and Mr. Peterkin.

The Settlement provides that the Banks pay $2,840,000 in settlement of these claims. This sum has been deposited by the Banks into an escrow account.

Notice of the class action determination, the proposed Settlement and dismissal of certain claims against the settling defendants was mailed in early December, 1980 to all persons who purchased or held Grant securities during the class period. Notice of the Settlement also was published in The Wall Street Journal.

Class members were also notified about the hearing on the fairness of the proposed Settlement scheduled for February 18, 1981. Deadlines were set for class members to object to the terms of the Settlement or to exclude themselves from the Settlement.[3] Proof of claim forms were included with the notice.

No objections to the Settlement were timely filed.[4] The fairness hearing was held on February 18, 1981. At the hearing, certain plaintiffs' attorneys attempted to file late objections and asked the court to

1. On July 29, 1980, I entered an order with respect to the class action determination and the hearing on the proposed settlement in this case. That order provided that the class was amended to include not only those persons who purchased but also those who held Grant securities during the period March 1, 1973 to October 2, 1975 inclusive.

2. On July 28, 1980, I approved the consolidation of Weinberger v. Kendrick, 75 Civ. 4870 (KTD) with Panzirer v. Peterkin, 77 Civ. 3462 (KTD). I also approved the filing of a consolidated amended complaint. That complaint included, in addition to the original claims, pendent state claims for breach of fiduciary duty.

3. The order filed on July 29, 1980, see note 1, supra, required class members who did not wish to be bound by the Settlement to request exclusion in writing from the Settlement not less than 25 days prior to the fairness hearing on February 18, 1981. Class members who did not wish to be excluded from the Settlement but wanted to file objections to it were required by the July 24, 1980 order to file them at least 14 days prior to the fairness hearing.

4. Certain plaintiffs' attorneys have attempted to file late objections. Not only were these objections late, they were also without merit. I, therefore, reaffirm my denial of the late filing of these objections.

waive the deadline for filing such objections. This request was denied.

The rest of the parties present at the hearing submitted papers in support of the Settlement. I reserved judgment.

### Discussion

■ Rule 23 of the Federal Rules of Civil Procedure provides that a class action "shall not be dismissed or compromised without approval of the court." If fair, reasonable and adequate, however, the settlement of a class action should be approved. *City of Detroit v. Grinnell Corp.*, 356 F.Supp. 1380 (S.D.N.Y.), *aff'd in part, rev'd in part on other grounds*, 495 F.2d 448 (2d Cir. 1974).

■ In deciding whether a settlement is fair, the court must determine (i) whether the settlement was negotiated at arms length and in good faith; (ii) the probabilities of plaintiff's ultimate success or failure if settlement is not achieved; and (iii) the reasonableness of the amount offered in settlement.

■ The Settlement in this case satisfies each of these criteria. There is no indication that the Settlement was handled in a collusive manner. The settlement negotiations took place over a period of many months and were conducted by able and experienced counsel who are respected members of the bar of this court. I am confident that plaintiffs' attorneys have represented the class adequately and would not enter into any settlement agreement which would jeopardize the interests of the class.

Moreover, the decision to settle this case was based on extensive discovery conducted in connection with this case and in the related bankruptcy proceedings.[5] Counsel for all parties had full access to the record in this case and the bankruptcy record. I am satisfied, therefore, that the parties were fully able to evaluate the strengths and weaknesses of the class claims against the defendants. In view of the findings of fact and conclusions of law entered by Bankruptcy Judge Galgay and the difficulties of proof present in this case, plaintiffs'

conclusion that their chances of prevailing were slim was by no means an unreasonable one.

■ I also find that the sum offered in settlement by the defendants is fair considering the likelihood of plaintiffs' success on the merits. Plaintiffs' position with respect to each claim in this case is not so strong that settlement should be lightly rejected. Plaintiffs' claims against the defendants are complex and not easily proven. Indeed, plaintiffs have heavy burdens of proof with respect to each claim and the establishment of damages. Furthermore, the defendants have asserted vigorous defenses to each claim. Should the case proceed to trial, lengthy and costly litigation can be expected.

■ The reasonableness of the Settlement is further supported by the fact that the majority of counsel for the class members is recommending the acceptance of this Settlement. *See Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 322 F.Supp. 834, 838 (E.D. Penn.1971), *aff'd in part and modified in part*, 453 F.2d 30 (3d Cir. 1971). Finally, no objections to the Settlement have been filed by any members of the class.

In view of the difficulties plaintiffs would confront if this case went to trial, the recommendation of experienced counsel and the lack of individual objections to the Settlement, I find that the sum offered by the defendants is acceptable.

Accordingly, I hereby approve the Settlement as fair and reasonable. The claims against the settling defendants are dismissed with prejudice in accordance with the terms of the Settlement.

SO ORDERED.

---

5. *In re W. T. Grant Company*, Bankruptcy No. 75 B 1735.