**30**

ACE HEATING & PLUMBING COM-
PANY, Inc., et al.

v.

CRANE COMPANY et al.

NALCO PLUMBING & HEATING COM-
PANY, a corporation, in behalf of it-
self and all others similarly situated

v.

AMERICAN RADIATOR & STANDARD
SANITARY CORPORATION et al.

Appeal of ACE HEATING & PLUMBING
CO., Inc., et al., in Nos. 71-1383
and 71-1384.

Appeal of ROLAND A. ESSWEIN AND
SON, in No. 71-1385.

Nos. 71-1383—71-1385.

United States Court of Appeals,
Third Circuit.

Argued Sept. 17, 1971.

Decided Nov. 18, 1971.

Lawrence Walner, Johnson, Colmar, Kelley, Ambrose, Thienpont & Bailey, Chicago, Ill., for appellant Ace Heating & Plumbing Co., Inc.

Duke W. Thomas, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for appellant Roland A. Esswein and Son.

James O. Sullivan, Sullivan, Jones, Archer & Brucher, San Diego, Cal., for Nalco Plumbing & Heating Co.

William E. Willis, Sullivan & Cromwell, New York City, for defendant-appellee American Standard Inc., William R. Norfolk, William T. Stephens, New York City, of counsel.

Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendant-appellee Borg-Warner Corp., Clayton A. Sweeney, Pittsburgh, Pa., of counsel.

Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant-appellee Crane Co., K. Robert Conrad, Philadelphia, Pa., of counsel.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant-appellee Kohler Co., Gilbert J. Helwig, Pittsburgh, Pa., of counsel.

Cravath, Swaine & Moore, New York City, for defendant-appellee Rheem Manufacturing Co., Ralph L. McAfee, New York City, of counsel.

Arnstein, Gluck, Weitzenfeld & Minow, Chicago, Ill., for defendant-appellee Universal-Rundle Corp., Frank C. McAleer, Chicago, Ill., of counsel.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant-appellee Wallace-Murray Corp., Fred A. Freund, New York City, of counsel.

Drinker, Biddle & Reath, Philadelphia, Pa., for defendant-appellee Plumbing Fixture Manufacturers Assn., Patrick T. Ryan, Philadelphia, Pa., of counsel.

Before SEITZ, Chief Judge, BIGGS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

These are consolidated appeals from an order of the district court approving a two million dollar settlement with a nationwide class of plumbing, mechanical and general contractor claimants in the so-called Plumbing Fixture Antitrust Cases. The legal steps and negotiations leading to the order complained of are exhaustively set out in Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 323 F.Supp. 364 (1970) and Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 322 F.Supp. 834 (1971) (reporting the opinion involved in this appeal). We address ourselves primarily to the resolution of several novel and important procedural aspects of antitrust settlements.

### Plaintiffs' right to appeal

The unique procedural steps leading to final district court approval of the settlement in December, 1970 are the basis for the appellees' contention that the appellants have no right to appeal the district court's order approving the settlement. In moving to dismiss the appeal appellees point out that all potential class members, including the appellants, were informed of the terms of the proposed settlement and were given the option beforehand to exclude themselves from participation therein. From this premise they reason that appellants' election to join the class constituted a ratification of the settlement or a waiver of objections to it.

The appellees rely upon the Legal Notice sent to all identifiable class members prior to the district court's approval order:

"As a condition to disbursement of the Settlement Fund, the claims of all members of the Class who have not excluded themselves shall be the subject of *final and unappealable* judgments of dismissal with prejudice." (emphasis added)

We read the quoted language to mean that disbursement of the settlement fund would await a final judgment which could not be appealed. It cannot be construed to preclude a timely appeal from the original judgment of approval. A serious public policy question would be presented if the notice were construed to require a waiver of the right to appeal as a condition to opting in.

We next consider whether plaintiffs are otherwise precluded from appealing the district court's findings of fairness and its approval of expenses and appointment of counsel. Appellees argue that a party who "accepts" a settlement by not electing to be excluded admits that the settlement benefits him and, therefore, cannot be aggrieved by an order approving the settlement. This contention highlights an important unresolved question involving the administration of class action law suits brought pursuant to Federal Rules of Civil Procedure, 28 U.S.C.A., Rule 23 (1971 Supp.).

Ordinarily, aggrieved class members may appeal any final order of a district court in proceedings held pursuant to Rule 23. This general proposition holds true even though such class members have the right to exclude themselves from the class. Here, however, at the point of deciding whether to join the class, the potential class members had the advantage of knowing all the sub-

stantial terms of the proposed settlement. The question then is whether this conceded awareness so differentiates the situation here that the right to appeal the approved settlement is lost. The answer must be found by a consideration of the policies behind the federal class action rule.

(Perhaps the drafters of Rule 23 did not envisage circumstances like those here, in which potential class members are able to elect whether or not to join the class knowing the proposed settlement terms. In such a case there may be less need to police settlements, since the question of fairness is left to the informed choice of the class members. Nevertheless, the remedy for this unprovided for situation does not lie with the courts. Furthermore, court approval under these circumstances still may serve salutary purposes. It is possible that, within a class, a group of small claimants might be unfavorably treated by the terms of a proposed settlement. For them, the option to join is in reality no option at all. Rule 23 recognizes the fact that many small claimants frequently have no litigable claims unless aggregated. So, without court approval and a subsequent right to ask for review, such claimants would be faced with equally unpalatable alternatives—accept either nothing at all or a possibly unfair settlement. We conclude that appellants have standing to appeal in the circumstances here presented.) Cf. 3B Moore's Federal Practice, Para. 23.80(5) (1969).

We therefore conclude that appellees' motion to dismiss the appeals should be denied.

### Ineffective Class Representation

In early 1970, defendants attempted to negotiate a settlement with a so-called ad hoc committee of contractors' counsel led by Mr. Hamburg. An impasse was reached when that committee turned down defendants' last offer. Defendants then began settlement talks with James Sullivan who was attorney for Nalco and two other companies which had filed a class action in May 1969. These talks with Sullivan, which he communicated to the attorneys for plaintiffs in numerous other similar actions, resulted in the $2,000,000 settlement offer here challenged by appellants.

The appellants contend that Mr. Sullivan's representation of the class was inadequate. Although pointing to no specific lapses or omissions attributable to him, they argue that the inadequacy stems implicitly from Sullivan's having bargained the settlement terms with defendants prior to his official designation by the court as class representative. Appellants point out that a person who unofficially represents the class during settlement negotiations may be under strong pressure to conform to the defendants' wishes. This is so because such an individual, lacking official status, knows that a negotiating defendant may not like his "attitude" and may try to reach a settlement with another member of the class. That is exactly what happened here. What is the court's function in this general situation?

■ (The attorneys' fees and the prestige attendant upon probable appointment as class representative are the rewards for the attorney who bargains successfully with the defendants. (Consequently when the settlement is not negotiated by a court designated class representative the court must be doubly careful in evaluating the fairness of the settlement to plaintiff's class. Indeed, if it is feasible in the first instance for the court to designate a class representative to conduct settlement negotiations, such a course is highly desirable. We think Rule 23 permits such action by the court.)

Since the settlement here was reached prior to court designation of a class representative we next consider whether in the circumstances the district court abused its discretion in giving its approval. We cannot conclude on this record that the class suffered inadequate representation. The district court expressly approved Sullivan's course of conduct in negotiating the settlement; a large majority of plaintiffs' counsel,

representing the bulk of the claims, seconded his efforts; and the terms of the settlement were considered fair by almost all those interested, including the court. Plaintiffs' contention of ineffective class representation must be rejected.

### Evidence of the Fairness of the Settlement

■ The district judge approved the settlement terms. Such a determination is committed to the sound discretion of the trial judge. Great weight is accorded his views because he is exposed to the litigants, and their strategies, positions and proofs. He is aware of the expense and possible legal bars to success. Simply stated, he is on the firing line and can evaluate the action accordingly. We consider appellants' objections against this legal background.

■ Appellants say that when the trial judge approved the settlement there was no evidence before him of quantities, prices and overcharges. This appears to be true. However, while such data might have aided the trial judge and could properly have been considered, we cannot say that such proof would have been too significant here. This is because among the numerous factors dictating approval was the fact that the claims of this class were minimized by the probability that overcharges made upon them were passed on to their customers. We conclude that the district court did not abuse its discretion in approving the settlement.[1]

### Settlement Committee Expenses

Appellants attack the allowance from the settlement fund of fees to defendants' attorneys who served on the settlement committee.

After settlement was reached by the parties the settlement fund was under the control of a committee composed of counsel from both sides. While no ex-plicit reason appears in the record for membership of defense attorneys on the committee, it does appear that the main responsibilities of the committee were to conduct the notice program, to review proofs of claim filed by class members and to approve or disapprove those claims. Unfair practices in these programs might have jeopardized the settlement defendants desired. The district court approved reimbursement of the committee's expenses to the extent of about $94,000. Included in this sum was about $24,000 of charges by the defense counsel on the committee. Appellants complain for the first time on appeal that defense counsel should not have been allowed to participate indirectly in the settlement fund through the medium of reimbursement for Settlement Committee work.

■ There is no indication here that defense counsel's presence on the committee was anything other than as a *bona fide* administrator of the fund. This fact plus the appellants' failure to object in the district court lead us to conclude that the district court's order should be affirmed. We do point out that to guarantee fairness in these situations provision for participation of defense counsel on settlement committees should be made part of the negotiated settlements and be specifically included in the notice to class members.

### Claim of Ace Heating—Claim of Its Attorney

Appellants object to the district court's order upholding the Settlement Committee's disallowance of Ace Heating & Plumbing Company's proof of claim and disallowing the petition for its counsel fees.

■ The claim of Ace Heating as originally filed contained only unsubstantiated estimates of the plumbing fixtures it had purchased. This claim was properly rejected by the settlement com-

---

1. Similarly, we defer to the better-informed discretion of the trial judge on the question of allowing 25% counsel fees even though we have some concern in view of the fact that the case never went to trial.

mittee. On November 13, 1970 Mr. Walner, Ace Heating's attorney, received notice of a hearing to be held on November 30th at which the Company could contest the disallowance. Mr. Walner appeared and claimed that the Company's supplier was being uncooperative in supplying the data needed to support the claim and that Ace Heating's records did not date back far enough, due to its record destruction program. Mr. Walner discussed the possibility of a subpoena to force the supplier to cooperate. However, the court held that the Company's efforts to substantiate its claim had been insufficient and that it was now too late to permit a subpoena. On December 19th Ace Heating submitted an amended claim with a supporting affidavit. The claim itself also contained some supporting data. In its findings entered January 29, 1971, the court again disallowed the Company's claim, stating that "no additional facts or circumstances" were presented to cause the court to reverse its prior ruling. We will not interfere with the district court's exercise of discretion here.

We next consider the petition of Ace Heating's attorney (Walner) for counsel fees. The district court found that because counsel had opted out of the class on behalf of some of his clients and had objected to the proposed settlement on behalf of those who had opted in, he was not entitled to a fee. We think it clear that his representation of those claimants who opted out cannot support his claim of having contributed to the settlement. As to his claim based on his representation of those claimants who opted in but opposed the settlement, we think a more substantial issue is presented. Mr. Walner was a member of the ad hoc committee involved in the negotiations resulting in a rejection of defendants' last offer. Mr. Hamburg, counsel for another member of the committee, was one of the leading opponents of that settlement. Afterwards he changed his position and dropped his objections to the settlement. Yet, he was awarded counsel fees of $5,000

for the benefit conferred while he was a member of the unsuccessful ad hoc committee. By a parity of reasoning, we think Walner was entitled to a fee unless it can be said, as the district court ruled, that because he continued to oppose the settlement on behalf of some clients he was thereby precluded from receiving any fee even for his earlier services.

We do not believe the trial court could deny compensation merely because a member of a class who opted in then opposed the settlement as unfair. Counsel was presumably advancing the legitimate rights of his client. It would chill challenges to the fairness of a settlement to say that such action results in forfeiture of the right to be reimbursed for compensable legal services.

Walner's claim for a fee poses another difficult problem which was not raised by the parties. The claim of the Walner claimant who opted in was rejected by the court for evidentiary insufficiency. We have affirmed that ruling. So far as appears, at the time Walner performed the services for which he seeks compensation, he could not have known that there would be a later rejection of his client's claim on that basis. In these circumstances we think the consequences —fee-wise—should ordinarily be left to the district court. However, we think the factual situation here, when considered in conjunction with the need for prompt distribution of the fund, dictates that we decide rather than remand this matter. Since the district court awarded $5,000 to another attorney for somewhat similar but perhaps more substantial services we think it is fair to award Mr. Walner a fee of $3,000 for his services on the ad hoc committee.

The judgment of the district court will be affirmed except that the district court order will be modified appropriately to allow Mr. Walner a $3,000 counsel fee from the settlement fund.

Costs taxed against appellants in cases No. 71–1384 and No. 71–1385. In case No. 71–1383, each party is to bear its own costs.