Al Monzo Construction Company, Inc., et al. *v.* Monroeville Borough.

Argued February 23, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Richard L. Rosenzweig*, with him *Rosenzweig & Rosenzweig*, for appellant.

*Anthony J. Martin*, with him *Martin, Finnegan & Rossetti*, for appellees.

OPINION BY JUDGE ROGERS, March 29, 1972:

This is an appeal by the Borough of Monroeville from a final order of the Court of Common Pleas of Allegheny County nullifying the revocation by the Borough of a use permit and enjoining it from interfering with the appellees' performance of excavation work on lands owned by them. Our consideration of this matter has been rendered unusually arduous by the fact that the appellant has filed a monumental brief, 17 pages of which are taken up with a history of the case detailing activities, negotiations, correspondence, conversations

and neighborhood gossip, most of it antedating the lawsuit.

The *essential* facts follow:

The appellees own land in the Borough of Monroeville on which is located an embankment which appellees desire to excavate for the asserted purposes of enlarging the parking lot of a restaurant located on the tract and of obtaining fill for use at another building project. The Borough zoning ordinance required that a conditional use permit should be obtained from Borough Council for major excavation. The appellees, apparently after performing some excavation without a permit, did on the insistence of the Borough apply for a conditional use permit. After some delay on the part of Borough Council, the permit was ordered to be issued, subject, however, to a number of conditions. Two of these conditions became of later importance: one, that the slope be at a grade of two feet lateral to one foot of height, and the other, that appellees post an indemnity bond with corporate surety in the amount of $50,000. The appellees filed a zoning appeal pursuant to Section 712 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.     , 53 P.S. §10712, averring chiefly that the requirement of indemnity bond in the amount of $50,000 was arbitrary and capricious and contrary to law. Extensive pleadings were filed but the matter was settled before hearing by stipulation of the parties. The principal effect of the stipulation was the requirement of liability insurance in lieu of the $50,000 indemnity bond. The hearing judge ordered the case settled and discontinued "in accordance with the above stipulation." The appellees then proceeded with the excavation. The Borough engineer inspected the works and found that the slope of the embankment being created was steeper than that specified in the original conditions and included by

reference in the stipulation. Council then met with the appellees to hear appellees' request to amend the permit so as to allow the steeper slope. Council declined this request and the appellees then agreed to conform to the specifications as written. Nevertheless, Borough Council voted to revoke the conditional use permit; not, however, because of appellees' failure to perform in accordance with the permit, but on the grounds first, that the permit should not have been granted in the first place because the land in question was located in a zoning district in which excavation was a prohibited use, and second, because the Borough believed that appellees' purposes in making the excavation were not as represented but to prepare the ground for use as a site for an office building, a use not permitted in the district. The appellees petitioned the court below for an order nullifying the revocation of its permit and after hearing the court entered the order from which this appeal is taken. That order is as follows: "And Now, this 20 day of August, 1971, it appearing to the Court that the action of the Borough Council of Monroeville in rescinding appellant's conditional use permit was arbitrary, without authority and in derogation of appellants' vested property rights and it further appearing that the Borough Council of Monroeville has maintained a general policy of harassment in regard to the appellants it is hereby ORDERED and DECREED that Borough Resolution 71-16 is declared null and void and the Borough Council is enjoined from further interfering with the excavation work on the property in question in the above captioned case and further that it be limited to inspecting the site in question to once a week with an attending report to this Court and not to take any action relative to performance under the permit against the appellants without prior approval of this Court. Further, that the appellants will comply strictly with the terms of the conditional use permit."

The appellant's contention that the permit is subject to revocation because the use it allows is prohibited in the zoning district comes much too late in these proceedings. It might well have been a valid reason for not issuing the permit when first requested or at the latest it might have been raised when the appellees filed their zoning appeal. But the appellant joined in the stipulation recognized by the court as a settlement of the matter of the propriety and terms of the grant of the permit. At that point appellees' entitlement to the permit on the agreed conditions became res judicata. *Melnick v. Binenstock,* 318 Pa. 533, 179 A. 77 (1935). Further, it plainly appears that the appellees proceeded with work under the conditional use permit then issued. Not only would a subsequent revocation for such a preexisting cause be grossly unfair, it might interfere with vested rights.

The appellant's contention that it properly revoked the permit because it later ascertained that one of the purposes of the excavation was to provide the location for a use of the property not conforming to zoning regulations is likewise untenable. Not only was there no proof that this was the appellees' intention, said intention if proved would provide no reason for prohibition of the otherwise lawful activity of excavating the lot. As the trial judge pointed out at the hearing, the Borough was not required to grant relief from its zoning restrictions simply because the lot would physically accommodate a proscribed use.

The court below had the power to enforce the agreement made in this litigation. *Woodbridge v. Hall,* 366 Pa. 46, 76 A. 2d 205 (1950). Our examination of the record against the court's order, however, persuades us that the finding therein that the Borough had pursued a general policy of harassment of the appellant, and those portions of the order limiting Borough inspection

of the site to once a week with a report to the court and enjoining action relative to the performance of the work under the permit without prior approval of the court, are not supportable. It appears to us that the difficulties between the parties were far from being the exclusive fault of the Borough. The failure of the appellees to conform to the slope requirements agreed upon was consistent with their prior actions in disregard of Borough regulations, including proceeding with work without a permit after knowledge that such should have been obtained. We further can ascertain no reason why the permit may not be revoked if the appellees, as seems to be their disposition, shall fail to observe its conditions. Accordingly, we make the following disposition of this appeal:

The order of the court below is modified so as to delete therefrom the finding of harassment by the Borough and those portions thereof limiting inspection by the Borough to once a week with an attending report to the Court and enjoining it from taking action relative to performance under the permit without prior approval of the court; as so modified, it is affirmed.