Anthony GEORGEVICH, et al., Plaintiffs,

v.

Judge Samuel STRAUSS, et al., Defendants.

Civ. No. 81–0801.

United States District Court, M.D. Pennsylvania.

Dec. 8, 1982.

Richard G. Fishman, Keystone Legal Services, Inc., State College, Pa., for plaintiffs.

Howland W. Abramson, Administrative Office of the Pennsylvania Courts, Philadelphia, Pa., for defendants.

## OPINION

MUIR, District Judge.

Plaintiff Anthony Georgevich filed this civil rights action pursuant to 42 U.S.C.

§ 1983 as well as a motion for class action certification on July 3, 1981. Georgevich, on his own behalf and on behalf of all others similarly situated, brought suit against his state court sentencing judge, the Honorable Samuel Strauss, Judge of the Court of Common Pleas of Allegheny County, and all judges similarly situated, alleging that certain parole determinations were made without sufficient procedural due process protections, in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Georgevich further alleged that certain of his equal protection rights were violated.

On November 9, 1981, Strauss filed a motion to dismiss the complaint. In essence, Strauss argued, first, that Georgevich did not have standing to bring this lawsuit and, second, even if Georgevich did have such standing, he was not entitled to relief because parole determinations are not subject to due process protections. In an opinion of December 11, 1981, the Court denied Strauss's motion to dismiss the complaint, concluding that Georgevich had standing to bring this case and that Georgevich was entitled at least to modest due process protections.

With respect to the motion for class certification, the Court issued an opinion on December 30, 1981, granting the motion for both Plaintiff and Defendant class certification and defining the classes as follows:

The Plaintiff class shall consist of all present and future inmates incarcerated in Pennsylvania state correctional facilities or prisons who are or will be serving a maximum sentence of less than two years or who will have a determination for release on parole made by the sentencing judge.

The Defendant class shall consist of all Common Pleas sentencing judges who, without having held a hearing, given notice or written statements as to the evidence relied on and reasons for the action taken, have been or will be making determinations as to parole applications of inmates incarcerated in [Pennsylvania] state correctional facilities [and] who are

serving maximum sentences of less than two years.

On June 22, 1982, the parties filed for the Court's approval a proposed Consent Decree for the settlement of this class action. On June 22, 1982, the Court gave its preliminary approval of the proposed Consent Decree. Also on that date, the Court directed that notice of the Consent Decree be given to members of both the Plaintiff and the Defendant class and the Court scheduled a hearing for the purpose of determining whether or not the proposed settlement should be finally approved by the Court.

In the proposed Consent Decree, the parties agreed to the following:

1. The parties and the classes they represent are desirous of clarifying the rights, duties and obligations of the respective classes to each other in relationship to procedures affecting parole release decisions or determinations.

2. The entry into this Consent Decree shall not be construed as creating a substantive right to be paroled.

3. The entry into this Consent Decree shall in no way be considered an admission of liability or wrong doing on the part of anyone concerned.

4. Whenever a Common Pleas sentencing Judge in Pennsylvania receives an application, petition, or request for release on parole by a member of the Plaintiff class of inmates, which is verified by oath of the person convicted or by someone in his or her behalf, said Judge will set a date for a hearing at or before the inmate's minimum release date, at which time the inmate shall appear before him. A copy of said application, petition, or request for release on parole shall be served upon the District Attorney and upon the prosecutor in the case at least ten (10) days before the day fixed for said hearing. Proof of service upon the District Attorney and the prosecutor shall be produced at the hearing. Provided that no hearing pursuant to this paragraph will be required to be held less than fifteen (15) days from the date of receipt of the application, petition, or re-

quest for release on parole, by the Common Pleas sentencing Judge.

5. After the hearing, the Court will make such an Order concerning the release on parole as it determines is just and proper, providing that if parole is denied or refused or not granted that the inmate will receive a written statement of reasons for this action.

6. No claim or cause of action shall accrue to an inmate member of the Plaintiff class for failure to follow the parole procedures set forth in this Consent Decree, if (s)he is actually released on parole at the minimum expiration date of his (her) sentence or within fifteen (15) days of the date of receipt of the application, petition, or request for release on parole, by the Common Pleas sentencing Judge; whichever date shall occur later.

The Court has received several objections to approval of the proposed Consent Decree. On July 26, 1982, the Court received a letter from the Chief of the Appeals Division of the Defender Association of Philadelphia. On August 2, 1982, the Court received a letter from the Honorable Thomas C. Raup, President Judge of the Court of Common Pleas of Lycoming County setting forth the views of the several judges of that Court. On August 6, 1982, the Court received a letter from the Honorable George T. Kelton, Judge of the Court of Common Pleas of Bucks County, setting forth his views as well as the views of the Honorable Isaac S. Garb, the Honorable Edmund V. Ludwig, the Honorable William Hart Rufe, III, the Honorable Harriet M. Mims, and the Honorable Leonard B. Sokolove of that Court. On September 8, 1982, the Court received a letter from the Honorable Robert C. Reed, the Honorable Joseph S. Walco, and the Honorable Robert E. Kunselman of the Court of Common Pleas of Beaver County. Also on September 8, 1982, the Court received a letter from the Honorable Thomas C. Mannix of that Court.

On September 17, 1982, this Court held a hearing with respect to whether or not the proposed settlement of this class action should be finally approved. Present at the hearing, were attorney Richard G. Fishman, representing the Plaintiff class, and Howland W. Abramson, representing the Defendant class. No member of either the Plaintiff or Defendant class was in attendance. At the hearing, both counsel for the Plaintiff class and counsel for the Defendant class urged the Court to approve the proposed settlement of this class action. After closely scrutinizing the proposed Consent Decree, the Court expressed concern as to several aspects thereof. In particular, the Court was of the view, first, that principles of comity might make it inadvisable for the Court to approve a consent decree which in effect dictates procedures and practices relating to the administration of the state parole system in Pennsylvania and enjoining Common Pleas Judges, the members of the Defendant class from engaging in certain conduct. Second, the Court was concerned that the Judicial Defendants might not be proper parties to this litigation and that this action should have been brought against the Attorney General of the Commonwealth of Pennsylvania. Third, the Court was concerned that a civil rights action brought pursuant to 42 U.S.C. § 1983 might not be the correct action and that the grievance of the Plaintiff class might more appropriately lie in habeas corpus.

In order for the Court to consider all aspects of these questions as well as the general advisability of approving the proposed settlement of this class action, by order of September 20, 1982, the Court directed counsel for the Plaintiff and Defendant classes, and granted leave to members of the Defendant class, to file briefs with respect to the foregoing issues.

On October 21, 1982, counsel for the Defendant class filed a brief setting forth its position regarding the advisability of approval of the proposed settlement of this class action. On November 17, 1982, counsel for the Plaintiff class filed a brief in response. On December 1, 1982, counsel for the Defendant class filed a reply brief. On December 7, 1982, counsel for the Plaintiff class filed a concurred in motion to file a

sur-reply brief as well as a sur-reply brief. The motion for leave to file the sur-reply brief will be granted.

In its briefs filed October 21, 1982, and December 1, 1982, the Defendant Class changes its position with regard to the propriety of court approval of the proposed settlement of this class action. In particular, adopting the concern of the Court that habeas corpus might be the proper remedy, that the Judicial Defendants are not proper parties to this lawsuit, and that principles of comity dictate against approval of the proposed settlement, the Defendant class now vigorously urges the Court to decline to approve the proposed Consent Decree.

■ After reviewing the briefs of the parties, this Court is convinced that there may be substantial merit to the positions asserted by the Defendant class in its briefs. However, at this point, the Court need not address those complex legal questions. Because the Court must protect the rights of the members of both classes, F.R. Civ.P. 23(e), and because the class representative and members of the Defendant class no longer wish the Court to approve the Consent Decree originally proposed, this Court will decline to do so.

■ Rule 23(e) of the Federal Rules of Civil Procedure provides that no class action may be compromised without the approval of the Court. Subject to the provisions concerning notice to the class which have been satisfied by the parties in this case, the matter of approval of a proposed consent decree is in the sound discretion of this Court. *Girsh v. Jepson,* 521 F.2d 153 (3d Cir.1975); *Bryan v. Pittsburgh Plate Glass Co.,* 494 F.2d 799 (3d Cir.1974). *See Moore's Federal Practice,* ¶ 23.80[4] (1982). While settlements are to be encouraged and the Court should not ordinarily substitute its judgment for that of the parties, *e.g. Pearson v. Ecological Science Corp.,* 522 F.2d 171 (5th Cir.1975), *cert. denied sub nom. Skydell v. Ecological Science Corp.,* 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976), the Court must vigorously act as guardian of the rights of absentee class members. *Girsh v. Jepson,* 521 F.2d 153 (3d Cir.1975). "[The]

district court acts as a fiduciary...[and the] Court cannot accept a settlement that the proponents have not shown to be fair, reasonable, and adequate." *Grunin v. International House of Pancakes,* 513 F.2d 114, 123 (8th Cir.), *cert. denied,* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975). *See* 7A Wright & Miller *Federal Practice & Procedure: Civil* § 1797 (1972).

■ Some of the factors to be considered by the Court in determining the fairness of the settlement of a class action are:

(1) the complexity, expense and likely duration of the litigation...; (2) the reaction of the class to the settlement...; (3) the stage of the proceedings and the amount of discovery completed...; (4) the risks of establishing liability...; (5) the risks of establishing damages...; (6) the risks of maintaining the class action through the trial...; (7) the ability of the Defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery...; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all of the attendant risks of litigation. *Girsh v. Jepson,* 521 F.2d 153, 156–57 (3d Cir. 1975). *Citing City of Detroit v. Grinnell Corporation,* 495 F.2d 448, 463 (2d Cir. 1974).

■ In essence, given the great degree of discretion afforded the District Court in determining whether or not a settlement is to be approved, and given the requirement of Rule 23(e) that a class action may not be settled without the approval of the Court, the Court becomes intimately involved in, and an essential party to the settlement agreement. *E.g. Ace Heating & Plumbing Co. v. Crane Co.,* 453 F.2d 30, 34 (3d Cir. 1971) ("Great weight is accorded [the views of the District Court Judge] because he is exposed to the litigants, and their strategies, positions, and proofs. He is aware of the expense and possible legal bars to success. Simply stated, he is on the firing line and can evaluate the action accordingly.").

■ In the ordinary case, once the parties have agreed to and entered a settlement agreement, that compromise is final, conclusive and binding on the parties. *E.g.* 15A Am.Jur.2d, Compromise and Settlement § 25 (1976). *See, e.g., First National Bank of Cincinnati v. Pepper,* 454 F.2d 626 (2d Cir.1972); *Autera v. Robinson,* 419 F.2d 1197 (D.C.Cir.1969). However, where the Federal Rules of Civil Procedure dictate that the Court must be a party to and approve of the settlement agreement before it may be consummated, any party may withdraw from the proposed settlement agreement prior to the court's final approval thereof. In essence, prior to the Court's approval of the proposed settlement agreement, there is no more than an offer of compromise which is not binding and may be withdrawn. *E.g.* Restatement (Second) of Contracts § 42; Restatement of Contracts § 34. *Cf. Strickland v. Marathon Oil Co.,* 446 F.Supp. 638, 641 (E.D.La.1978); *U.S. v. Lipman,* 122 F.Supp. 284, 286 (E.D. Pa.1954).

■ Even assuming that by signing the proposed Consent Decree the Defendant class is bound not to withdraw its assent thereto, the principles set forth above which guide this Court in determining whether or not to approve a proposed settlement of a class action dictate against such approval in this case. Among the most important factors to be considered by the Court in determining whether or not to approve a settlement is whether or not competent counsel are of the opinion that the settlement is fair, adequate, and reasonable. *Cf. City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir.1974); *Moore's Federal Practice* ¶ 23.-80[4]. Favorable reception of the settlement offer by counsel in the case is strong evidence that the settlement should be approved. *City of Detroit v. Grinnell Corp.,* 495 F.2d at 462. However, approval of a settlement agreement where counsel for one of the parties to that agreement prior to final approval by the Court vigorously opposes such approval would likely constitute an abuse of the Court's discretion. *Cf. Bryan v. Pittsburgh Plate Glass Co.,* 494 F.2d 799 (3d Cir.1974); *Ace Heating &*

*Plumbing Co. v. Crane Co.,* 453 F.2d 30, 34 (3d Cir.1971).

■ The Court may also properly consider the reaction of the members of the Defendant class to the settlement. *Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir.1975). In this case, several members of the Defendant class have filed exceptions to the Court's tentative approval and objections to the Court's final approval of the settlement. Indeed, some of the concerns expressed by the Court at the September 17, 1982 hearing on this matter arose after review of the objections and exceptions advanced by members of the Defendant class.

Finally, this action is somewhat unusual because there are both Plaintiff and Defendant classes. Consistent with the Court's obligations under Rule 23(e), the Court will protect the interests of *all* parties to this litigation. Based on the matters of concern set forth by the Court at the September 17, 1982 hearing, this Court is not yet convinced that the Plaintiff class will ultimately prevail in this lawsuit. At the very least, the issues addressed by the parties in their briefs present substantial hurdles to the Plaintiffs in establishing the Defendants' liability. In such a situation, this Court is of the opinion that it would be unfair to members of the Defendant class to approve the proposed settlement.

For all of the foregoing reasons, this Court's preliminary approval of the Consent Decree will be revoked and the Court will disapprove the proposed settlement of this class action. Because there is no case-dispositive motion before the Court, this case will be listed for trial.

An appropriate order will be entered.