462 A.2d 261

**Samuel L. LONGENECKER and Agnes L. Longenecker, His Wife,**

v.

**Richard MATWAY and Edward Matway, Appellants.**

Superior Court of Pennsylvania.

Submitted Oct. 12, 1982.

Filed July 1, 1983.

412

George Retos, Jr., Washington, for appellants.

Amy Marie Tonti, Washington, for appellees.

Before CERCONE, President Judge, and WIEAND and BECK, JJ.

CERCONE, President Judge:

Appellants, Richard Matway and Edward Matway, take this appeal from the decision of the court below construing against appellant the terms of a stipulation, entered into between appellants and appellees, Samuel L. Longenecker and his wife, Agnes L. Longenecker. Finding no error in the court's interpretation, we affirm.

Appellants were the owners of an automobile dealership in Rostraver Township, Westmoreland County, operated under the name of Rem Ford. In connection with this business, appellants leased certain property from appellees. On April 29, 1980, appellants notified appellees of their intentions to vacate the premises. Whereupon, appellees filed a complaint and confession of judgment against appellants, in response to which appellants agreed to and did enter into a stipulation with appellees to settle the dispute. On January 30, 1981, the stipulation was approved by the court and an appropriate order was filed. Despite the stipulation, appellees subsequently petitioned the court to release escrow funds and for a judgment against appellants because it was claimed that appellants failed to comply with the terms of the stipulation. A hearing was held on this matter on April 20, 1981.

Specifically, the point at issue, and the only one which we are now asked to examine, turns on the interpretation of the term "all parts department furniture", an element of the stipulation agreement between the parties. In relevant part, the stipulation agreement provided:

4. *Upon vacation of the premises, the Plaintiffs [Appellees] agree that the personal property and improvements listed on the attached December 9, 1980 letter from George Retos, Esquire to Phillip J. Binotto, Jr., Esquire shall remain on the premises.* Defendants [Appellants] represent to Plaintiffs that the aforesaid leasehold improvements are all in a good and working condition, and shall remain in said condition until the premises are vacated.

5. The parties agree that the term "office furniture" as set forth in the aforesaid December 9, 1980 letter shall include the following specific items:

A. A desk and two chairs in each of the three closing offices.

B. Two desks and four chairs in the main office.

. C. One desk credenza and five chairs in the General Manager's office.

E. One desk and two chairs in the Sales Manager's office.

F. One desk and one chair in the Parts Department's office.

*It is understood and agreed that the Defendants may remove from the premises four or five filing cabinets containing clients' files and that the Defendants may leave in the automotive parts bins, all of the parts which they hold on consignment with Ford Motor Company.* It is understood that said parts are being left at the Plaintiffs' premises at the sole risk of the Defendants and that any and all expense associated with the removal of said parts shall be borne by the Defendants. *It is understood and agreed that said parts shall be removed with sixty (60) days from the execution of the within Stipulation.* (emphasis added.)

The letter of December 9, 1980, incorporated by reference in the Stipulation, contains this provision:

[Appellant-defendants] are willing to do the following:

2. *Allow the following leaseholds and improvements to remain on the premises:*

a. Three hydraulic floor hoists;
b. Nine light poles and lights;
c. Building alarm system;
d. Concrete curbs;
e. Outdoor building lights;
f. Parts department lights;
g. Service department lights;
h. Service department air lines;
i. Two air compressors;
j. Two office air conditioners;
k. All office furniture;
l. *All parts department furniture;*
m. Approximately $2000 worth of heating oil.

*Please note that these leaseholds and improvements would not include parts, shop tools and equipment, and the office machines.* (emphasis added.)

Appellants argue that the term "parts department furniture", which is listed among the items to be turned over to appellees, should not be construed to include parts storage bins. Basically, parts storage bins are large shelves, on the order of bookshelves, used for the storage of spare automobile parts. Appellants contend that these storage bins are equipment, not furniture, and as such, under the terms of the agreement, are to be kept by appellants.

Aside from the testimony of the respective parties in which each advanced his own interpretation, the only evidence was the agreement itself. The lower court interpreted this agreement in appellee's favor—i.e. that parts department furniture which was to be given to appellees does include the automotive parts bins. We see no reason to reverse this decision.

 It is well established that the parties, by stipulation, are free to bind themselves on all matters not affecting jurisdiction and prerogatives of the court and that the court has the power to enforce stipulations. *Chamberlin of Pittsburgh, Inc. v. Fort Pitt Chemical Company,* 237 Pa.Superior Ct. 528, 352 A.2d 176 (1975) (allocatur denied

February 23, 1976); *Council of Borough of Monroeville v. Al Monzo Construction Company*, 5 Pa.Cmwlth. 97, 289 A.2d 496 (1972). Generally, in the construction of stipulations, the rules for construction of contracts are applicable, with the primary rule being to ascertain and give effect to the intention of the parties. 83 C.J.S. Stipulations § 11a (1953). The court having jurisdiction of the subject matter of the litigation may specifically enforce the agreement, and its findings when confirmed by the court en banc, have the weight of a jury's verdict and will not be disturbed on appeal. *Woodbridge et ux. v. Hall*, 366 Pa. 46, 76 A.2d 205 (1950).

In the instant case, the court's conclusions are consistent with the terms of the stipulation. In one paragraph of the stipulation, the parties agreed that appellants could leave "in the automotive parts bins [ ] all of the parts which they hold. . . ." However, it was further agreed that "said parts shall be removed within sixty (60) days from the execution of the within Stipulation." No mention is made of the removal of the parts bins along with the removal of the automotive parts themselves, and the apparent implication is that the parts bins are to remain on the premises of the landlord. Additionally, it must be remembered that it was appellant's counsel who authored the letter of December 9, 1980, incorporated into the stipulation, in which was listed the improvements which were to remain on the premises. Among these improvements was "[a]ll parts department furniture." Rules of construction require that written instruments be strictly construed against the drafter thereof. *Central Transportation, Inc. v. Board of Assessment Appeals of Cambria County*, 490 Pa. 486, 417 A.2d 144 (1980); *Hafer v. Schauer*, 429 Pa. 289, 239 A.2d 785 (1968); *Galligan v. Arovitch*, 421 Pa. 301, 219 A.2d 463 (1966). Accordingly, we find no error in the court's conclusion that appellees are correct in claiming that the automotive parts bins were to be left on the premises as items of parts department furniture.

Affirmed.