## Poellot v. U.S. Fidelity & Guaranty Co.

*Richard Russell,* for plaintiffs.
*Timothy D. Appelbe,* for defendant.

WETTICK, *A.J.,* October 11, 1983—This is a claim for work loss benefits of $15,000 under the No-fault Act by administratrices of the estate of a passenger who was killed in an automobile accident. At a pre-trial conciliation, counsel for the parties agreed to recommend to their clients that the action be settled for $10,000. Subsequently, counsel for the parties, after consulting with their clients, entered into an oral agreement to settle the action for this amount. As part of the agreement, plaintiffs' counsel agreed to present to the common pleas court a petition for leave to settle and compromise this no-fault claim. This agreement was reduced to writing a letter which defendant's counsel mailed to plaintiffs' counsel.

Approximately two months later, plaintiffs' counsel advised defendant's counsel that because of two recently reported appellate court cases dealing with issues of law raised in the present action, the settlement was no longer in his clients' best interest. De-

fendant's counsel responded that plaintiffs were obligated to honor the settlement agreement and that plaintiffs' counsel should promptly petition the court to obtain approval of the settlement. Plaintiffs' counsel refused to do so because he could not advise the court that the settlement was in the best interest of his clients.

Presently before this court is defendant's motion to amend new matter to raise the settlement agreement as an affirmative defense. Plaintiffs oppose the amendment on the ground that the proposed new matter fails to raise an affirmative defense because a settlement agreement which a court has not approved will not defeat a no-fault claim.

In Pennsylvania, as a general rule settlement agreements will be enforced. Woodbridge v. Hall, 366 Pa. 46, 76 A.2d 205 (1950); Greentree Cinemas, Inc., v. Hakim, 289 Pa. Super. 39, 432 A.2d 1039, 1041 (1981); Lipitz v. Snyder, 14 D.&C. 3d 496 (1978). In addition, newly discovered information that renders unfair a settlement agreement is no ground for setting aside the agreement. Bollinger v. Randall, 184 Pa. Super. 644, 135 A.2d 802 (1957); Rivers v. Delaware Valley Mutual Casualty Co., 196 Pa. Super. 475, 175 A.2d 87 (1961). However, Section 106(b)(1) of the Pennsylvania No-fault Motor Vehicle Insurance Act (Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §1009.106) alters this general rule that a settlement agreement discharges a claim by imposing the additional requirement of court approval of the settlement before a claim may be discharged.

"Except as otherwise provided in this subsection, no-fault benefits shall not be denied or terminated because the victim executed a release or other settlement agreement. A claim for no-fault benefits may be discharged by a settlement agreement for an

agreed amount payable in installments or in a lump sum, if the anticipated loss does not exceed two thousand five hundred dollars ($2,500). In all other cases, a claim may be discharged by a settlement to the extent authorized by law and upon a finding, by a court of competent jurisdiction, that the settlement is in the best interest of the claimant and any beneficiaries of the settlement, and that the claimant understands and consents to such settlement . . ."

Consequently, an allegation that the parties agreed to settle a no-fault claim in excess of $2,500 by itself is not an affirmative defense to this claim.

Defendant contends that plaintiffs are estopped from relying on section 106 because of their failure to seek court approval of the settlement. We find this contention to be without merit. It would defeat the purposes of section 106 and also be inconsistent with counsel's obligations under the Code of Professional Responsibility to require counsel to seek court approval of a settlement that in counsel's professional judgment no longer served the best interest of the claimant.

The purpose of the requirement of court approval of a settlement is to protect claimants who for a variety of reasons, such as lack of knowledge of the law or relevant facts, questionable legal advice or duress, enter into agreements that are not consistent with their best interests. The use of the doctrines of waiver and estoppel to bar claimants from raising the failure to comply with section 106's requirement of court approval of no-fault settlements would defeat entirely this purpose because it would result in the denial of no-fault benefits solely as a result of the claimant's decision to accept an insured's settlement offer. The legislature has determined that court approval is necessary before a claimant will be

barred by a settlement. We are bound by that determination.

In Georgevich v. Strauss, 96 F.R.D. 192 (M.D. Pa., 1982), counsel for both parties filed for the court's approval a proposed consent decree for the settlement of a class action pursuant to Federal Rule of Civil Procedure 23(e) which provides that no class action may be compromised without the approval of the court. Subsequently, counsel for defendant class changed his position. In support of its decision to disapprove the settlement, the court concluded that prior to court approval any party may withdraw its assent:

"In the ordinary case, once the parties have agreed to and entered a settlement agreement, that compromise is final, conclusive and binding on the parties. E.g. 15A Am, Jur.2d, Compromise and Settlement §25 (1976). See, e.g., First National Bank of Cincinnati v. Pepper, 454 F.2d 626 (2d Cir. 1972); Autera v. Robinson, 419 F.2d 1197 (D.C. Cir. 1969). However, where the Federal Rules of Civil Procedure dictate that the Court must be a party to and approve of the settlement agreement before it may be consummated, any party may withdraw from the proposed settlement agreement prior to the court's final approval thereof. In essence, prior to the Court's approval of the proposed settlement agreement, there is no more than an offer of compromise which is not binding and may be withdrawn. E.g. Restatement (Second) of Contracts §42; Restatement of Contracts §34. Cf. Strickland v. Marathon Oil Co., 446 F.Supp. 638, 641 (E.D.La. 1978); U.S. v. Lipman, 122 F.Supp. 284, 286 (E.D. Pa. 1954), p. 192."

Finally, defendant's reliance on Klein v. Cissone, 297 Pa. Super. 207, 443 A.2d 799 (1982), is misplaced, because the case held only that a petition for

settlement of a minor's claim need not be in writing. In fact, the court's rationale that the primary objective of the requirement of court approval of a settlement is the protection of the minor litigant's interest "above all other conflicting interests" (443 A.2d at 802) and, therefore, the issue is whether the record contains sufficient information to permit the court to evaluate properly the minor's settlement supports this court's holding.

For these reasons, we enter the following

## ORDER OF COURT

On this October 11, 1983, it is hereby ordered that defendant's petition to amend new matter is denied.