**COUNTY OF SUFFOLK, a municipal corporation, Robert Alcorn, Christopher S. George, Fred Harrison, Peter Maniscalco, William P. Quinn, and Custom Extruders, Inc., Plaintiffs,**

v.

**LONG ISLAND LIGHTING COMPANY, Stone & Webster Engineering Company, Charles R. Pierce, Wilfred O. Uhl, Charles J. Davis, and Andrew W. Wofford, Defendants.**

No. 87–CV–646 (JBW).

United States District Court, E.D. New York.

Feb. 15, 1989.

As Amended April 14, 1989.

Hill, Betts & Nash by Bernard Persky, Kenneth F. McCallion, Gregory W. O'Neill, James W. Johnson and Lawrence P. Kolker, New York City, and E. Thomas Boyle, County Atty. of Suffolk County, Hauppauge, N.Y., for plaintiff Suffolk County.

Vladeck, Waldman, Elias & Engelhard by Judith P. Vladeck, Karen Honeycutt and Julian Birnbaum, New York City, for the individual ratepayer plaintiffs.

Bower & Gardner by James D. Harmon, Jr. and Michael Eng, New York City, for U.S.

Farrell, Fritz, Caemmerer, Cleary, Barnosky & Armentano by George J. Farrell and Delores Fredrich, Uniondale, N.Y., and Edward T. O'Brien, County Atty. of Nassau County, Mineola, N.Y., for intervenor County of Nassau.

Peter L. Zimroth, Corp. Counsel of City of New York (Peter Lehner, of counsel), New York City, for intervenor City of New York.

Reilly, Like & Schneider by Irving Like, Babylon, N.Y., and Flower & Plotka by Edward Flower, Bay Shore, N.Y., for plaintiff Custom Extruders, Inc., and intervenors Business Ratepayer plaintiffs.

Marilyn A. Marlek, Bethpage, N.Y., and Cahill, Gordon & Reindel by Charles A. Gilman, New York City, for intervenor Grumman Corp.

Leibowitz & Peterson by Ira Leibowitz, Garden City, N.Y., and Parker, Chapin, Flatteau & Kimpl by Gary Neil Sazar, Jericho, N.Y., for intervenor Long Island Ass'n.

Lewis & Greer by Lou Lewis, Poughkeepsie, N.Y., for intervenor Shoreham–Wading River Cent. School Dist.

Shea & Gould by Michael Lesch, Ronald H. Alenstein and John G. Nicolich, New York City, for the individual defendants.

Susan E. Silverman, Hicksville, N.Y., for defendant Long Island Lighting Co.

Mudge Rose Guthrie Alexander & Ferdon by Laurence V. Senn, Jr., New York City, for defendant Stone & Webster Engineering.

Robert Abrams, New York State Atty. General's Office, New York City.

## AMENDED MEMORANDUM AND ORDER

### NOTICE OF HEARINGS

WEINSTEIN, District Judge.

The class representatives and the Long Island Lighting Company (LILCO) have agreed on a settlement of this litigation. *See* Appendix A, attached (agreement). The class is defined as follows:

All persons who were ratepayers of the Long Island Lighting Company at any time during the period January 1, 1974, through the present and also those who are or will be ratepayers of the Long Island Lighting Company.

It is necessary to set a hearing so that any affected person can be heard with respect to the fairness of the settlement.

Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of the settlement. It provides:

A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

Notice is given that a fairness hearing will be held on March 1, 1989 at 10:00 A.M. in the United States District Court, Brooklyn, New York. A further hearing will be held on March 3, at the United States District Court at Hauppauge, New York, for the convenience of those who find attendance in Brooklyn on March 1st inconvenient. Copies of the agreement shall be available from the Clerk's office at each of the courthouses in Brooklyn; Uniondale, Nassau County; and Hauppauge, Suffolk County.

Notice shall be given as follows:

(1) A document notifying present ratepayers of the settlement and fairness hearings in the form shown in Appendix B shall be mailed by LILCO to all its present customers as soon as practicable. (2) An advertisement shall be placed in all editions of the following newspapers as soon as practicable, in the form shown in Appendix C.

Newsday
New York Times
New York Daily News
New York Post
New York Law Journal
All weekly newspapers in Nassau and Suffolk Counties, to the extent practicable.

Payment for all the above notices shall be advanced by LILCO. LILCO shall be repaid from the allowance for attorneys' fees provided in the settlement agreement.

While the agreement was reached after the class was certified, the class representatives and their counsel Judith Vladeck, Esq., were engaged in settlement negotiations before certification. It is appropriate for the parties to a class action suit to negotiate a proposed settlement of the action prior to certification of the class. *See Plummer v. Chemical Bank,* 668 F.2d 654, 656–58 (2d Cir.1982); *Weinberger v. Kendrick,* 698 F.2d 61, 72–73 (2d Cir.1982), *cert. denied,* 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983); *In re Beef Industry Antitrust Litig.,* 607 F.2d 167, 173–78 (5th Cir.1979), *cert. denied,* 452 U.S. 905, 101 S.Ct. 3029, 69 L.Ed.2d 405 (1981). The only caveat imposed by the Second Circuit is that the district court has a heightened responsibility to review a pre-certification settlement because of "the possibilities of collusion or undue pressure by the defendants on would-be class representatives." *Weinberger,* 698 F.2d at 73. There must be a "clearer showing of a settlement's fairness, reasonableness and adequacy and the propriety of the negotiations leading to it...." *Id.* The court is aware of this responsibility. It will be exercised in considering the information obtained at the fairness hearings.

The court in *Weinberger* approved notice to class members informing them simulta-

neously of both the pendency of the class action and the terms of the proposed settlement. 698 F.2d at 70. The proposed settlement may also include a provision that conditions settlement of the suit on certification by the court of a class for settlement purposes. *Weinberg v. Lear Fan Corp.,* 627 F.Supp. 719, 722–24 (S.D.N.Y.1986) (parties agreed that action would be certified as a Rule 23(b)(1) class action).

The actual certification of the class in these circumstances often occurs after the hearing on the fairness of the proposed settlement and simultaneously with the approval of the settlement. 2 Newberg on Class Actions, § 11.27, p. 428 (2d ed.1985). Although a temporary settlement class may be approved by the court for the purposes of conducting settlement negotiations, Newberg suggests that this should be viewed as

> nothing more than a tentative assumption indulged in by the court to facilitate the amicable resolution of the litigation, rather than as some sort of conditional class ruling under Rule 23 criteria.

Newberg, id.; *In re Beef Industry Antitrust Litig.,* 607 F.2d 167, 173–78 (5th Cir. 1979) (full discussion of the use of temporary settlement classes); *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 464 (2d Cir. 1974) (approving pre-certification settlement where district court reserved judgment as to whether a class action ought to be permitted, the settlement assumed the existence of a proper class and the district court acquiesced in that assumption for the purpose of approving the settlement).

■ *A fortiori,* the court has power to approve a settlement where it certified a class unconditionally while negotiations were proceeding, but before actual settlement. Here the class was certified and class representatives and their counsel recognized on February 13, 1989. *See* 710 F.Supp. 1407 (E.D.N.Y.1989). After certification, intensive negotiations resulted in an agreement signed on February 14.

■ The court has broad discretion to appoint counsel for the class. *Cullen v. N.Y. State Civil Serv. Comm'n,* 566 F.2d 846, 848–49 (2d Cir.1977); *In re "Agent Orange" Product Liab. Litig.,* 818 F.2d 179, 187 (2d Cir.1987). A corollary is the power to restrict the activities of those attorneys who represent individual class members but who are not lead counsel for the class itself. *Farber v. Riker-Maxson Corp.,* 442 F.2d 457, 459 (2d Cir.1971); *Vincent v. Hughes Air West,* 557 F.2d 759, 773 (9th Cir.1977). When a class is certified, the district court may simultaneously appoint a class representative for the purpose of conducting settlement negotiations. *Cf. Ace Plumbing & Heating Co. v. Crane Co.,* 453 F.2d 30, 33 (3d Cir.1971).

Rules 23(d)(1) and (3) of the Federal Rules of Civil Procedure permit the court wide latitude in framing orders that facilitate the conduct of the litigation. The rules permit the court to designate pre-certification class representatives for the purposes of conducting settlement negotiations. Moreover, the use of temporary settlement classes presupposes the authority of the court to appoint a representative for such a class and simultaneously to restrict the ability of non-representative counsel to negotiate on behalf of the putative class.

■ The court has the power to place conditions on the intervention of a class member. As Rule 23(d)(3) states:

> In the conduct of actions to which [Rule 23] applies, the court may make appropriate orders ... imposing conditions on the representative parties or on intervenors....

Among the conditions may be limitations on the extent of the intervenors' participation in the overall action. *Shore v. Parklane Hosiery,* 606 F.2d 354, 356–57 (2d Cir.1979) (placing limitations on intervenors' participation in the action is a "well-established practice" (citing cases)); 7B C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 1799, p. 448 (1986). In *Parklane Hosiery* the district court had permitted the appellants to intervene only for the limited purpose of participating in the settlement approval hearings. The appellate court did not rule on the merits of the limited intervention, but dismissed the appeal on the grounds

that since intervention had been permitted, albeit in a limited role, the district court's order was not appealable.

[redacted] In its memorandum and order, 710 F.Supp. 1407, the court appointed Judith P. Vladeck, Esq., of Vladeck, Waldman, Elias & Engelhard, as sole attorney for the class. At the same time the court granted the motions of various parties to intervene but limited their participation to representation of their own interests. Since Ms. Vladeck is the sole counsel for the class, the participation of the intervenors or their attorneys in the negotiations leading to the settlement of the class's claims has not been necessary. The intervenors' interests will be fully protected by their participation, should they desire it, in the fairness hearings scheduled for March 1 and March 3, 1989. *See Vulcan Society v. Fire Department,* 20 E.P.D. (CCH) ¶ 30,131, 1979 WL 259 (S.D.N.Y.1979) (denying intervenors' motion to order their participation in ongoing settlement negotiations on the grounds that, among others, "intervenors' interests will be fully protected, since they will be entitled to object to any settlement ultimately proposed.").

So ordered.

[On February 28, 1989, the court directed that two additional public fairness hearings be held, one on March 8, 1989, at the United States District Court in Uniondale, New York, and a second on March 9, 1989, at the United States District Court in Brooklyn, New York. Notice of the additional hearings was approved that day, and appeared in the March 3 editions of the major daily newspapers in the New York City and Long Island regions.]

## APPENDIX A

## SETTLEMENT AGREEMENT

## DATED

## FEBRUARY 14, 1989

[Omitted because the document appears as Appendix A of Exhibit 1 to the court's Memorandum and Order approving the final settlement as fair. *See* 710 F.Supp. 1428 (E.D.N.Y.1989).]

## APPENDIX B

## SUMMARY NOTICE OF HEARINGS ON PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION

TO: ALL PERSONS WHO WERE RATEPAYERS OF THE LONG ISLAND LIGHTING COMPANY AT ANY TIME DURING THE PERIOD JANUARY 1, 1974, THROUGH THE PRESENT AND ALSO THOSE WHO ARE OR WILL BE RATEPAYERS OF THE LONG ISLAND LIGHTING COMPANY.

PLEASE READ THIS NOTICE CAREFULLY IN ITS ENTIRETY. THIS NOTICE CONCERNS THE PROPOSED SETTLEMENT OF THE ABOVE CLASS ACTION. YOUR RIGHTS WILL BE AFFECTED BY LEGAL PROCEEDINGS IN THIS ACTION. IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ENTITLED TO RECEIVE BENEFITS PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN.

You are notified that public hearings as to the reasonableness of a proposed settlement of an action brought on your behalf against the Long Island Lighting Company and others pursuant to sections 1961 and following to title 18 of the United States Code, alleging that the New York Public Service Commission was misled in granting various utility rate increases beginning in 1974, will be held in each of the following courthouses at the following times:

United States District Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom 6
March 1, 1989 at 10:00 A.M.

United States District Courthouse
300 Rabro Drive
Hauppauge, New York 11788
March 3, 1989 at 10:00 A.M.

The purpose of the hearing will be (1) to determine whether a proposed settlement of the above class action by electric rate reductions aggregating $390 million over a ten year period commencing June 1990, less up to $10 million which shall be paid to

former ratepayers, should be approved by the Court as fair, reasonable and adequate, and therefore whether the class action should be dismissed on the merits and with prejudice against all members of the class; and (2) to pass on the reasonableness of a fund not to exceed $10 million for attorneys' fees and expenses.

You will not be permitted to exclude yourself from the class.

This is only a short summary of the proposed settlement agreement of this class action. Copies of the pleadings and all proceedings in the class action are available for inspection at the United States District Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201.

Copies of the proposed settlement agreement may be obtained at the Clerk's Office in each of the following United States District Courthouses at the following addresses:

*Brooklyn*
  225 Cadman Plaza East
  Brooklyn, New York 11201
*Uniondale*
  Uniondale Avenue at Hempstead Turnpike
  Uniondale, New York 11553
*Hauppauge*
  300 Rabro Drive
  Hauppauge, New York 11788

Please do not telephone the Clerk's Office or the Long Island Lighting Company.

If you want a copy of the proposed settlement agreement sent to you by mail, please write to the Clerk of the Court, United States District Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201. Please enclose a post-paid (25 cents) self-addressed envelope.

Dated: Brooklyn, New York
     February 15, 1989
          Robert C. Heinemann
          Clerk of the Court

APPENDIX C

SUMMARY NOTICE OF HEARINGS ON PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION

TO: ALL PERSONS WHO WERE RATEPAYERS OF THE LONG ISLAND LIGHTING COMPANY AT ANY TIME DURING THE PERIOD JANUARY 1, 1974, THROUGH THE PRESENT AND ALSO THOSE WHO ARE OR WILL BE RATEPAYERS OF THE LONG ISLAND LIGHTING COMPANY.

An action has been brought on your behalf against the Long Island Lighting Company and others alleging that the New York Public Service Commission was misled in granting various utility rate increases beginning in 1974. Public hearings on whether a proposed settlement of this action should be approved by the court will be held as follows: March 1, 1989, at 10:00 A.M. at the United States District Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 6; March 3, 1989, at 10:00 A.M. at the United States District Courthouse, 300 Rabro Drive, Hauppauge, New York 11788.

The hearing will help determine whether a proposed settlement of the class action by electric rate reductions aggregating $390 million over a ten year period commencing June 1990, less up to $10 million to be paid to former ratepayers, plus up to $10 million in attorneys' fees and expenses, should be approved by the Court as fair, reasonable and adequate.

Copies of the pleadings and all proceedings in the class action are available for inspection at the United States District Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201.

Copies of the proposed settlement agreement may be obtained at the Clerk's Office in the Brooklyn and Hauppauge courthouses and at the United States District Courthouse, Uniondale Avenue at Hempstead Turnpike, Uniondale, New York 11553. Please do not telephone the courthouses or the Long Island Lighting Company.

If you want a copy of the proposed settlement agreement sent to you by mail, please write to the Clerk of the United States District Court, Brooklyn, New York 11201. Please enclose a post-paid (25 cents) self-addressed envelope.

          Robert C. Heinemann
          Clerk of the Court