J-S61001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SMYTHE STORES CONDOMINIUM ASSOCIATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANA WILLIAMS AND ALL OCCUPANTS | |
| Appellants | No. 2329 EDA 2016 |

Appeal from the Order June 21, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1769 June Term, 2011

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 02, 2017**

Dana Williams appeals from the order, entered in the Court of Common Pleas of Philadelphia County, striking a deed and denying her petition to strike a writ of possession, mark a judgment satisfied, and award sanctions.  After careful review, we affirm.

On June 7, 2011, Appellee Smythe Stores Condominium Association ("Smythe") became the owner, following a sheriff's sale, of property located at 107 Arch Street, Unit 5B, Philadelphia, Pennsylvania ("Unit").  Williams had purchased the Unit in 2000.[1]  On June 21, 2011, Smythe filed a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The property was foreclosed upon.

complaint in ejectment against Williams when she failed to comply with Smythe's several requests to vacate the Unit following the sheriff's sale. On December 16, 2011, Smythe filed a motion for summary judgment seeking possession of the property; Williams filed a reply to the motion. On January 5, 2012, the trial court granted summary judgment in favor of Smythe and against Williams, giving Smythe possession of the Unit. Prior to Smythe executing on the judgment for possession, Williams filed for bankruptcy protection on August 22, 2012, in the United States Bankruptcy Court for the Eastern District of Pennsylvania (Bankruptcy Court).[2]

As part of Williams' Chapter 13[3] Plan ("the Plan") in the Bankruptcy Court, Smythe agreed to resell Williams the Unit for $50,000. In return for payments, future condominium fees, and any special assessments, Smythe agreed to provide Williams with a quitclaim deed to the Unit. In return for the deed, Williams was also required to pay the costs and taxes necessary to record the deed. When Williams defaulted under the Plan by failing to pay condominium fees as well as Olde City Taxes due on the Unit, a lien was placed on the property. Ultimately, the parties entered into a stipulation

---

[2] That bankruptcy action was dismissed in October 2012 and Williams refiled for bankruptcy on November 12, 2012.

[3] Chapter 13 is a section of the Bankruptcy Code that provides for adjustments of debts of an individual with regular income. A Chapter 13 allows a debtor to keep property and pay debts over time, usually three to five years. *See* http://www.paeb.uscourts.gov/bankruptcy-basics (last visited 8/25/17).

providing for payments and a date certain for recording the deed. A relevant provision of the parties' stipulation stated:

> If any obligation of [Williams] under this Stipulation is alleged to . . . not to have been performed, Smythe may send a notice of default to [Williams] at [the Unit address], and to her attorney[.] Williams shall have 10 days thereafter to cure any default specified in the notice. **If the default is not cured within that 10-day period, Smythe may file a certification of default, and, unless the court holds to the contrary after objection by [Williams], shall be granted relief from the automatic stay in this case to pursue any and all of its state-law remedies.**

Stipulation to Resolve Post-Confirmation Payment Disputes ("Stipulation"), 6/5/15 (emphasis added). Williams lost the quitclaim deed and Smythe provided her with a replacement deed; the parties extended the deadline to file the deed to October 30, 2015. On November 12, 2015, Smythe filed a certification of default in the Bankruptcy Court when Williams had failed to comply with the Stipulation that she pay taxes on the Unit and record the deed. Williams had also not paid any condominium fees since August 2015. On December 10, 2015, the trial court entered an order granting Smythe relief from the automatic stay, and permitting it to proceed with state court remedies to gain possession of the Unit.

On December 15, 2015, Smythe filed for a writ of possession in the instant ejectment action in the trial court. On December 15, 2015, Williams attempted to record the deed. On January 20, 2016, Williams filed an emergency motion/petition to strike the writ of possession, mark the judgment as satisfied, and award sanctions. On January 22, 2016, the trial

court granted Williams' emergency petition and stayed execution of the writ of possession pending resolution of the petition to strike.[4] On June 24, 2016, the trial court denied Williams' motion/petition and struck the December 23, 2015 deed. On June 28, 2016, Smythe filed for reissuance of a writ of possession on the Unit.[5] On July 18, 2016, Williams filed a notice of appeal from the trial court's order and a simultaneous emergency petition to stay the writ of possession pending appeal. The trial court denied the stay. On appeal, Williams presents the following issues for our consideration:

(1) Was an express restriction on the Deed in question, specifically, an express restriction in validating said Deed if it was not filed by a certain date?

(2) Was any express restriction placed on the Deed in question properly executed and compliant with the laws of the Commonwealth of Pennsylvania?

(3) Did the Federal Bankruptcy Court have the intention and authority to place, or allow to be placed, an express restriction on the Deed in question?

(4) Did the execution or filing of the Deed in question necessarily invalidate the Plaintiff's Judgment of Possession [d]ocketed January 24, 2012?

Appellant's Brief, at 4-5.

---

[4] As of February 2016, an amount in excess of $37,000 was due and owing on the Unit.

[5] Smythe had filed several praecipes to issue and reissue the writ over the years.

The standard of review for the denial of a petition to strike a judgment is whether the trial court manifestly abused its discretion or committed an error of law *Alt. Nat. Tr., LLC v. Stivala Investments, Inc.*, 922 A.2d 919 (Pa. Super. 2007). An abuse of discretion is not merely an error in judgment; rather, it occurs when the law is overridden or misapplied, or when the judgment is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will. *Castings Condo. Ass'n. Inc. v. Klein*, 663 A.2d 220 (Pa. Super. 1995).

Williams contends that failure to record the deed is not a violation of an express restriction affecting the validity of the deed. Smythe, on the other hand, argues that the requirement that the deed had to be filed by a date certain is a condition precedent under the parties' Stipulation and, because the condition was not fulfilled, it renders the deed void.

"It is well-established that parties, by stipulation, may bind themselves on any matter except those affecting jurisdiction and the prerogatives of the court." *Cobbs v. Allied Chem. Corp.*, 661 A.2d 1375, 1377 (Pa. Super. 1995) (citing *Longenecker v Matway*, 462 A.2d 261, 263 (Pa. Super. 1983). When interpreting a stipulation, courts apply the rules for construction of contracts "with the primary focus on ascertaining and giving effect to the intention of the parties." *Id.* (citing *Tyler v. King*, 496 A.2d 16, 21 (Pa. Super. 1985)). Like a contract, in construing a stipulation "[t]he court will adopt an interpretation that is most reasonable and probable bearing in mind the objects which the parties intended to accomplish

through the agreement." ***Wrenfield Homeowners Ass'n v. DeYoung***, 600 A.2d 960, 963 (Pa. Super. 1991) (citation omitted).

Here, Williams clearly did not fulfill her obligations under the Stipulation to pay Olde City Taxes and condominium fees on the Unit and file the deed by the extended deadline of October 30, 2015. Accordingly, Smythe was permitted to file a certificate of default, be relieved from the automatic stay, and proceed to execute his judgment of possession in the trial court. We see no error of law or abuse of discretion in the trial court's decision. ***Alt. Nat. Tr., LLC***, ***supra***.[6]

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: _10/2/2017_

---

[6] We also note that a writ of possession is the legal means for executing on a judgment of possession. Pa.R.C.P. 3160. Here, the trial court correctly found that Smythe owned the property pursuant to a valid sheriff's deed executed on November 5, 2010. Accordingly, the court granted summary judgment in its favor and against Williams in the underlying ejectment action and entered judgment for possession of the Unit on January 24, 2012. Williams never filed an appeal from that final order. Denial of a petition to set aside a writ of possession is warranted when there is a valid, unappealed underlying judgment of possession. ***Johnson v. Martofel***, 797 A.2d 943 (Pa. Super. 2002). Here, there is a valid, unappealed underlying judgment of possession in favor of Smythe that Williams never appealed. Therefore, the court correctly denied her petition to set aside the writ. ***Id.***